(No. 33587.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN MOORE, Plaintiff in Error.

*Opinion filed September 23, 1955.*

AMIEL G. HALL, and STEPHEN LEE, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

John Moore, whom we shall refer to as defendant, was indicted for the crime of burglary in Cook County, tried July 20, 1953, convicted and sentenced to the penitentiary for a term of two to six years. By writ of error he seeks a review here of the above proceedings. In his brief he says nothing about his innocence but contends that there were irregularities in his trial that amount to reversible error.

The defendant allegedly entered the apartment of the prosecuting witness, Tommie Williams, at nighttime, and stole a radio, typewriter, three suits, shirt and sport jacket. About an hour later while laden with the proceeds of the burglary he encountered a police officer who questioned him. Defendant's first explanation was that he and his wife had dissolved partnership and the items of personal property that he was carrying constituted his share according to the agreed division of their wealth. Only briefly did this story stand. He then told the officer that he had purchased the chattels from a stranger. His memory on this transaction was vague.

The defendant had been in the penitentiary previously on a burglary charge. After he took the stand and testified, the prosecution sought to prove this prior conviction for the purpose of impairing his credibility. It is claimed by defendant that the State proceeded awkwardly in making this proof, and that such irregularity was prejudicial error. We have considered this assignment of error and find that it is without merit.

The only other error claimed on this review is that of the trial court's action in recalling the jury so that he might read to them an instruction that he had overlooked. The jury had not yet selected a foreman, nor had they commenced deliberation. They were told by the court upon their initial retirement not to proceed until he had given them further instructions. Although the instruction for the

State in question was a vital one and the court proceeding in the above manner perhaps gave undue emphasis to its importance, we do not believe it constituted reversible error.

The record clearly demonstrates defendant's guilt. He received a fair trial, reasonably free of error.

*Judgment affirmed.*